**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4018**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REYMUNDO MONGE RODRIGUEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:06-cr-00004-LHT-1)

Submitted: November 19, 2008      Decided: December 9, 2008

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Mark A. Jones, Assistant United States Attorneys, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On March 9, 2006, a jury convicted Reymundo Monge Rodriguez of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006) (Count 1); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (2006) (Count 3); and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) (Count 4). Rodriguez was sentenced to 235 months' imprisonment on Counts 1 and 2; 120 months' imprisonment, to be served concurrently with the term imposed for Counts 1 and 2, on Count 3; and sixty months' imprisonment, to be served consecutively to the term imposed by Counts 1, 2, and 3, on Count 4; for a total of 295 months' imprisonment.

Rodriguez first contends that the Government's evidence at trial was insufficient to prove the existence of a conspiracy between Rodriguez and any other person to possess methamphetamine. A defendant challenging the sufficiency of the evidence faces a heavy burden, United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997), and "a decision [to reverse for insufficient evidence] will be confined to cases where the prosecution's failure is clear," Burks v. United States, 437 U.S. 1, 17 (1978) (footnote omitted). A jury's verdict must be

2

upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review "the credibility of the witnesses and assume[s] that the jury resolved all contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008).

At trial, the Government presented evidence of methamphetamine found among Rodriguez's belongings during a search of his room, as well as other circumstantial evidence linking Rodriguez to the conspiracy. A search of a laundry room in the house where Rodriguez and others lived yielded more methamphetamine and drug distribution paraphernalia. Probative evidence linked Rodriguez to this methamphetamine and drug distribution paraphernalia. Finally, the Government offered the testimony of an individual who had both purchased methamphetamine and been present for the purchase of

methamphetamine from Rodriguez or his associates at this house several times a week during a seven month period. Though Rodriguez testified that the drugs found were not his, and that he was not part of the conspiracy, we do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony in favor of the Government. See Foster, 507 F.3d at 245. We therefore conclude there was sufficient evidence to support the conspiracy conviction.

Rodriguez next contends his trial counsel was ineffective by failing to file motions to suppress the evidence seized from Rodriguez's bedroom and inculpatory statements made by Rodriguez after his arrest. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2008) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule exists when the record conclusively establishes ineffective assistance. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. We find that, because the record does not conclusively establish that Rodriguez's Fourth Amendment claims were meritorious or that his counsel was

4

ineffective by failing to raise them, Rodriguez's ineffective assistance claims are not cognizable on direct appeal.

Accordingly, we affirm Rodriguez's convictions and sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED